UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80612-CIV-ZLOCH



SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.                                    **PRELIMINARY INJUNCTION ORDER**

MICHAEL LAUER, LANCER
MANAGEMENT GROUP, LLC and
LANCER MANAGEMENT GROUP II,
LLC,

      Defendants,

and

LANCER OFFSHORE, INC., LANCER
PARTNERS, LP, OMNIFUND, LTD.,
LSPV, INC. and LSPV, LLC,

      Relief Defendants.
_____/

    THIS MATTER is before the Court upon the Plaintiff, Securities And Exchange Commission's Emergency Motion For Ex Parte Temporary Restraining Order And Other Relief And Thereafter A Preliminary Injunction (DE 11). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    The Court notes that an <u>ex parte</u> hearing concerning issuance of a Temporary Restraining Order was held before the Court on July 10, 2003. Based on the instant Motion (DE 11), its attachments and the argument and testimony offered by Plaintiff, Securities and Exchange Commission (hereinafter the "Commission"), by prior Order

(DE 19) the Court issued a Temporary Restraining Order against Defendants, Michael Lauer (hereinafter "Lauer"), Lancer Management Group, LLC and Lancer Management Group II, LLC (hereinafter collectively "Defendants") and Relief Defendants, Lancer Offshore, Inc., Lancer Partners, LP (hereinafter "Partners"), Omnifund, LTD., LSPV, Inc., and LSPV, LLC (hereinafter collectively "Relief Defendants"). Additionally, the Court scheduled the instant Motion (DE 11) in so far as it seeks a Preliminary Injunction for a hearing on Friday, July 18, 2003. Moreover, by prior Order (DE 18) the Court appointed a Receiver over the corporate Defendants and Relief Defendants (excluding Partners).

The Court further notes that the Commission has filed a Notice Of Filing Consent (DE 21) which includes a Consent Of All Defendants And Relief Defendants To Order Of Preliminary Injunction And Other Relief signed by Lauer, individually and on behalf of the other Defendants and Relief Defendants.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff, Securities And Exchange Commission's Emergency Motion For Ex Parte Temporary Restraining Order And Other Relief And Thereafter A Preliminary Injunction (DE 11) be and the same is hereby **GRANTED** as follows:

### PRELIMINARY INJUNCTION AS TO ALL DEFENDANTS

**IT IS FURTHER ORDERED AND ADJUDGED** that pending resolution of the above-styled cause on the merits or further Order of the Court,

Defendants, their directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with each of them, are hereby restrained and enjoined from:

A. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1);

B. Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5;

C. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate

commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3);

     D.   Directly or indirectly, by use of the mails or any means or instrumentalities of interstate commerce, knowingly, willfully or recklessly: (i) employing devices, schemes or artifices to defraud their clients or prospective clients; or (ii) engaging in transactions, practices and courses of business which are now operating or will operate as a fraud or deceit upon their clients or prospective clients, in violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

**TEMPORARY RESTRAINING ORDER AS TO DEFENDANT LAUER
AS CONTROL PERSON**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of the above-styled cause on the merits or further Order of the Court, Defendant Lauer, his agents, servants, employees, attorneys, and those persons in active concert or participation with him, are

hereby restrained and enjoined from directly or indirectly, controlling any person who violates Sections 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder, and Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2), unless Lauer acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of the above-styled cause on the merits or further Order of the Court, Defendants and Relief Defendants (not including Partners), their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver that may be appointed by this Court, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property owned by, controlled by, or in the possession of any Defendant or Relief Defendant including, but not limited to, cash, free credit balances, fully paid for securities, and/or property pledged or

hypothecated as collateral for loans.

This asset freeze shall apply to any accounts, banking, brokerage or otherwise in the names of third parties on which Lauer is a signatory.

### REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants and Relief Defendants (not including Partners), their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall within five (5) business days:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets in this action which are held by them or are under their direct or indirect control, jointly or singly, and deposit such funds into the registry of the United States District Court, Southern District of Florida; and

(b) provide the Commission and the Court a written description of the funds and assets so repatriated.

### ACCOUNTING

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that, if Defendants and Relief Defendants have not already done so, they shall make their sworn accounting required of them under the Temporary Restraining Order (DE 19) and serve and file such accounting within

five (5) calendar days of the date of this Order.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of the above-styled cause on the merits, Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendants and Relief Defendants wherever located, until further Order of this Court.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and the Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances. Defendants' consent to the entry of a preliminary injunction is without prejudice to the right of Defendants to apply to the Court for

relief in whole or in part, from this Order, including, but not limited to, the granting of an allowance for living expenses, attorneys and other fees.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2003.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Kerry A. Zinn, Esq.
For the Commission

Marty Steinberg, Esq.
Craig V. Rasile, Esq.
For the Receiver

Gerald M. Labush, Esq.
Richard M. Asche, Esq.
For Defendants and Relief Defendants