FILED by EG D.C.
ELECTRONIC

May 8 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 03-80612 CIV-MARRA/SELTZER

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MICHAEL LAUER, LANCER MANAGEMENT
GROUP, LLC, and LANCER MANAGEMENT
GROUP II, LLC,

    Defendants,

and

LANCER OFFSHORE, INC., LANCER
PARTNERS, LP, OMNIFUND, LTD., LSPV,
INC., and LSPV, LLC,

    Relief Defendants.
_____/

## RECEIVER'S REPLY TO RESPONSES
## TO THE RECEIVER'S FIRST OMNIBUS OBJECTIONS TO CLAIMS

    Marty Steinberg (the "Receiver"), in his capacity as Court-Appointed Receiver of Lancer Management Group LLC ("LMG"), Lancer Management Group II, LLC ("LMG II"), Lancer Offshore, Inc. ("Offshore"), Omnifund, Ltd. ("Omnifund"), LSPV Inc. ("LSPV"), LSPV LLC ("Partners LSPV"), Alpha Omega Group, Inc. ("AOG"), G.H. Associates, LLC ("GH"), and CLR Associates, LLC ("CLR") (collectively, the "Receivership Entities"), and as the responsible person in control of Lancer Partners, L.P. ("Partners"), through undersigned counsel, files this Omnibus Reply to the responses [DE # 1209, 1210, 1211, 1214, 1226, 1236, 1262, 1267, 1272, 1275, 1382, 1391, 1399, 1403 and 1404] (collectively the "Responses") to the Receiver's First Omnibus Objections to Claims [DE 1187],[1] and hereby states the following.

---

[1] The Responses to the Second Omnibus Objections to Claims [DE 1181] are addressed in a separate reply filed simultaneously with this reply.

1

## I.   CASE BACKGROUND

1. On July 8, 2003, the Securities and Exchange Commission (the "SEC") filed a Complaint for Injunctive and Other Relief against Michael Lauer ("Lauer") and the Receivership Entities ("Receivership Entities") (other than AOG and GH), based on certain alleged bad acts, including violations of securities laws.

2. On July 10, 2003, the Court entered an Order Appointing Receiver [DE 18] (the "Receivership Order"), which appointed Marty Steinberg, Esq., as the receiver of the Receivership Entities, other than AOG and GH. On September 3, 2003, the Court entered an order granting the Receiver's motion to expand the receivership to include AOG and GH [DE 40].

3. On January 8, 2004, this Court entered the Case Management Order [DE 1234] (the "CMO") which among other things established a claims process, including a bar date for filing claims. The CMO established April 1, 2004 (the "Receivership Bar Date"), as the deadline for any party with a claim or demand against any of the Receivership Entities to present a claim to the Receiver.

4. The CMO also directed the Receiver to provide notice of the Receivership Bar Date and a claim form to all known investors and creditors, and publish notice of the Receivership Bar Date in certain national publications. See CMO. The Receiver complied with the foregoing notice requirements established in the CMO. On January 23, 2004, the Receiver served upon all identified creditors by U.S. Mail a Notice of Claim Deadline, Proof of Claim form and Proof of Claim Instructions (the "Notice of Receivership Bar Date").

5. On February 28, 2005, the Receiver filed his Motion to Approve Protocol for Interim Distribution of Estate Assets [DE 823], and on March 3, 2005, the Receiver filed his Amended Motion to Approve Protocol for Interim Distribution of Estate Assets [DE 836] ("March 3rd Motion"). In his March 3rd Motion, the Receiver states that the Net Asset Value ("NAV") per share calculation as provided by the Receivership Entities' Private Placement Memoranda (the "PPM's") are based on grossly inflated portfolio values, and instead proposed that the Court adopt the "Net Invested Capital" ("NIC") formula to determine the allowance of the investors' claims. Under the NIC methodology, the determination of an investor's claim is based on that investor's NIC, or the amount of capital contributed to a Receivership Entity fund

2

and subtracting any amounts distributed to such investor from or behalf of such Fund. The Receiver further proposed that if the NIC resulted in a negative number (i.e. distributions exceeded the amount of capital contributed), that investor would be deemed a "Net Redeemer," and that investor's claim would be disallowed and entitled to no redemption. The Receiver argued that utilizing the NIC formula will eliminate the impact of the inflated investment valuations which are the subject of the SEC's complaint.

6. On March 17, 2005, Lauer filed his Respondent's Memorandum in Opposition to Receiver's Motion to Approve Protocol for Interim Distribution of Estate Assets [DE 865] (the "Lauer Objection"). On March 25, 2005, investor Leonard Hecht ("Hecht") filed his Response in Opposition to the Receiver's Distribution Proposal [DE 876] (the "Hecht Objection"). On April 8, 2005, the Receiver filed his Reply to Memorandum in Opposition to Amended Motion to Approve Protocol for Interim Distribution of Estate Assets and Response in Opposition to the Receiver's Distribution Proposal [DE 900] ("April 8th Reply"). In his April 8th Reply, the Receiver addressed Lauer's and Hecht's respective objections. On June 6, 2005, investor John Bruhl ("Bruhl") filed his Reservation of the Right to Object to Future Distributions of Estate Assets Under the Net Invested Capital Formula [DE 974] (the "Bruhl Objection") in response to the Receiver's March 3rd Motion.

7. On September 30, 2005, this Court entered its Order Granting in Part and Deeming Withdrawn Remainder of Receiver's Amended Motion to Approve Protocol for Interim Distribution of Estate Assets [DE 1079] (the "September 30th Order"), in which the Court adopted the NIC formula over the objections:

> "The Motion is Granted in Part. The Receiver is authorized to utilize the "Net Invested Capital" concept as defined and set for in the [March 3rd] Motion for purposes of analyzing and determining allowed investor claims and thereafter for purposes of making distributions."

No party has appealed or moved to reconsider the September 30th Order.

8. On December 22, 2005, the Receiver filed and served the Receivership Claims Report and Request by Marty Steinberg for Claims Hearing filed December 22, 2005 [DE 1186] (the "Claims Report"), the First Omnibus Objection to Claims [DE 1187] (the "First Objection") and the Second Omnibus Objection to Claims [DE 1181] (the "Second Objection" and together with the First Objection, the "Objections")

3

asserting objections to those claims which the Receiver believed should be disallowed, either in whole or in part.

9. The Objections included the following directives:

"If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed."

"If you fail to timely file and mail a response as indicated, YOUR CLAIM WILL BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION."

(emphasis in original). The deadline for response to the Objections was January 21, 2006.

10. Upon serving the Objections, the Receiver engaged in settlement negotiations with numerous claimants to amicably resolve objections to the Receiver's proposed disposition of claims. The Receiver has granted numerous extensions to claimants seeking to resolve said objections. Indeed, the Receiver has resolved all but a few objections to the claims by agreement.

11. On March 23, 2006, the Receiver filed a Certificate of No Response and Request for Entry of Order on First Omnibus Objections to Claims and Second Omnibus Objections to Claims [DE 1321] requesting entry of proposed order approving the proposed disposition of all claims for which no response had been filed or otherwise communicated to the Receiver.

12. On March 28, 2006, the Court entered its Order Setting Claims Hearing and Scheduling Deadlines for Filing Responses to the First and Second Omnibus Objections to Claims and Replies Thereto [DE 1372] (the "March 28, 2006, Order"). In the March, 28, 2006, Order, the Court set a final deadline of April 21, 2006, for claimants to file written responses to the Objections and May 8, 2006, for the Receiver to file a reply to all written responses filed with the Court. The March 28, 2006, Order also directed the Receiver to file a report on the status of the claims by May 30, 2006, and scheduled a hearing on the claim objections for June 6, 2006 at 9:30 a.m. (the "Claims Hearing").

13. On April 20, 2006, the Receiver filed the Notice of Filing and Request for Entry of Agreed Order on First Omnibus Objections to Claims and Second Omnibus Objections to Claims Filed Against Lancer Partners, L.P., LSPV LLC and Lancer Management Group II [DE

4

1390] (the "Partners LSPV/LMG II Order") addressing by agreement all claims filed by Lancer Partners investors against Partners LSPV and/or LMG II.

## II. THE RESPONSES[2]

14. Responses to the First Objection[3] have been filed by the following parties (collectively the "Responding Claimants") on the following dates:

15. On January 13, 2006, Mirabaud Canada Inc. ("Mirabaud") filed its letter response with the Court [DE 1210], addressing Claim Nos. 9, 11, 16, 20, 31, 38, 50, 58, 188, 203, 395, 521 and 522. On February 17, 2006, the Receiver and Mirabaud reached agreement on the proposed disposition of the claims.

16. On January 17, 2006, Avison Company SA ("Avison") filed its Answer to the First Omnibus Objection to Claims [DE 1209], addressing Claim Nos. 414, 415 and 416. On January 18, 2006, the Receiver and Avison resolved the dispute regarding the proposed disposition of Claim Nos. 414, 415 and 416.

17. On January 18, 2006, Okabena Partnership J and Okabena Marketable Alternatives Fund (collectively, "Okabena") filed the Okabena Response to First Omnibus Objection to Claims [DE-1211], addressing Claim Nos. 237, 238, 239, 240 and 241. On April 18, 2006, Okabena filed its Amended Response to First Omnibus Objections to Claims [DE 1393]. Okabena has consented to the disposition of Claim Numbers 237 and 238 in the Partners LSPV/LMG II order. Okabena consented to the allowance of Claim No. 240 against Offshore in the amount of $7,800,000 which represents the NIC. On or about May 3, 2006, Okabena consented to the disallowance of Claim No. 239 against LSPV and Claim No. 241 against LMG subject to: (i) the Receiver's representations that LSPV has no assets; (ii) the Receiver's representations that LMG's assets are no more than $200,000; and (iii) the Receiver's representation that Okabena be treated no less favorably than any other Offshore investors with respect to the assets of LSPV and LMG (should further assets be discovered). Indeed, the Receiver filed a claim on behalf of all investors against LMG and will propose to distribute the

---

[2] The Receiver will submit a proposed Order(s) addressing all of the claims subject of the Responses along with the report on the status of the claim objections on May 30, 2006.

[3] See Footnote 1.

5

assets of LMG and LSPV, if any, to all investors with allowed claims against Offshore and Omnifund through the receivership.

18. On January 20, 2006, Imre Weinberger ("Weinberger") filed his letter response with the Court [DE 1214], addressing Claim No. 9 and objecting to the Receiver's recommendation to disallow Weinberger's claim. Weinberger invested through Mirabaud. The Receiver engaged in negotiations with Mirabaud and, as set forth above in paragraph 15, came to agreement regarding the claims addressed in Mirabaud's response, including Weinberger's claim.

19. On January 26, 2006, NorgesInvestor Value AS and NorgesInvestor Long Short AS ("Norges") filed their Disagreement with Objections to Claims No. 127 and 129 [DE 1226]. On April 4, 2006, the Receiver and Norges reached agreement on the disposition of these claims.

20. On February 3, 2006, Banque Privée Edmond de Rothschild Europe, La Compagnie Financière Edmond de Rothschild and Banque and Rothschild et Cie Banque ("Rothschild") filed their Response to First Omnibus Objection to Claim [DE 1236], addressing Claim Nos. 275, 282 and 383. On or about May 5, 2006, the Receiver and Rothschild came to an agreement on the disposition of the three Rothschild claims.[4]

21. On February 17, 2006, Bruhl filed his Objection to the Receiver's First Omnibus Objection to Claims [DE 1262], addressing Claim No. 177. Bruhl subsequently filed his Corrected Objection to the Receiver's First Omnibus Objection to Claims on February 22, 2006 [DE 1268]. On May 3, 2006, the Receiver and Bruhl reached settlement on Claim No. 177. The Receiver shall allow Claim No. 177 in the amount of $3,976,158 against Omnifund, and Bruhl shall have an allowed claim against Offshore in the amount of $204,809.47. Bruhl shall not assert any additional claims against the Receiver or the Receivership Entities and the Receiver shall not pursue any additional claims against Bruhl.

22. On February 22, 2006, Pictet & Cie ("Pictet") filed its letter response to the First Omnibus Objection to Claims [DE 1267], addressing Claim Nos. 123, 127, 129, 133, 136, 139, 142, 145, 148, 150, 154, 157, 160, 163, 166, 170, 172 and 176. On May 1, 2006, Pictet and Receiver came to a resolution on the disposition of the Pictet claims.

---

[4] Another Claimant has asserted an interest in Claim No. 275. See paragraph 29 below.

6

23. On February 24, 2006, Israel Henry Beren Charitable Trust ("IBCT") filed its Motion for an Order Approving Submission of Its Late-Filed Claims, and Memorandum of Law (1) Supporting the Trust's Motion and (2) Responding to the Receiver's Limited Objection to the Trust's Filed Claim [DE 1275] (the "IBCT Motion"), addressing Claim Nos. 514, 515 and 516. On April 11, 2006, the Receiver filed his Limited Response to the IBCT Motion [DE 1367]. On April 17, 2006, IBCT filed its Reply in Support of the IBCT Motion [DE 1378] (the "IBCT Reply"). In his Limited Response, the Receiver consented to the allowance of Claim No. 515 against Offshore in the full amount. On May 3, 2006, the Receiver and the IBCT reached agreement with respect to Claim Nos. 514 and 516 against LSPV and LMG, respectively, subject to: (i) the Receiver's representation that LSPV has no assets; (ii) the Receiver's representation that the assets of LMG total no more than approximately $200,000; and (iii) the Receiver's representation that the IBCT be treated no less favorably than any other Offshore investors with respect to the assets of LSPV and LMG (should further assets be discovered). Indeed, the Receiver filed a claim on behalf of all investors against LMG and will propose to distribute the assets of LMG and LSPV, if any, to all investors with allowed claims against Offshore and Omnifund through the receivership.

24. On February 24, 2006, the Robert Beren Hedge Fund (the "RBHF") filed the Motion of Robert Beren Hedge Fund LLC for an Order Deeming Its Proof of Claim Timely Filed in the Bankruptcy Case of Lancer Partners, L.P., and Memorandum of Law (1) Supporting Beren's Motion and (2) Responding to Receiver's Limited Objection to Beren's Filed Claim [DE-1272] (the "RBHF Motion"), addressing Claim No. 517. On April 11, 2006, the Receiver filed his Limited Response to the RBHF Motion [DE 1366]. On April 17, 2006, the RBHF filed the Reply of Robert Beren Hedge Fund LLC (A) In Support of its Motion for an Order Deeming Its Proof of Claim Timely Filed in the Bankruptcy Case of Lancer Partners, L.P., and (B) In Response to the Objections of the Equity and Creditors' Committees and the Receiver [DE 1377] (the "RBHF Reply"). The Bankruptcy Committees have served discovery upon RBHF. Otherwise, the RBHF Motion is fully briefed and shall be argued at the Claims Hearing.

25. On April 19, 2006, Taubman Investments Long/Short Strategies, LLC ("Taubman") and the Robert C. Larson Trust ("Robert Larson") jointly filed their Response by Taubman Investments Long/Short Strategies and Robert C. Larson Trust to First Omnibus Objection to Claims [DE 1382], addressing Claim Nos. 197 of Robert Larson and 198 of

7

Taubman. Taubman and Larson have agreed to the disposition of their claims as set forth in the Partners LSPV/LMG II Order.

26. On April 21, 2006, John P. Heffernan, Christopher O'Callaghan, Diane J. Nelson, Trust Estate of Irene Nelson, Universal Builders Supply, Inc., R.A. and Mary O'Callaghan and Scott P. O'Callaghan (the "Heffernan Group") filed their Response to First Omnibus Objection to Claims [DE 1404], addressing Claim Nos. 347 through 353. The Heffernan Group has agreed to the disposition of their claims as set forth in the Partners LSPV/LMG II Order.

27. On April 21, 2006, Edward S. Nelson IRA ("Nelson") filed the Response of Edward S. Nelson IRA to First Omnibus Objection to Claims [DE 1403], addressing Claim No. 41 filed against Offshore. Upon completing his review, the Receiver consents to the allowance of Nelson's Claim No. 41 against Offshore in the full amount of $374,637.

28. On April 21, 2006, Hunnicutt & Co., Inc., Hunnicutt & Co. Defined Benefit Plan and IRA FBO William Hunnicutt ("Hunnicutt" or the "Hunnicutt Entities") filed the Responses and Objections of Hunnicutt & Co., Inc., Hunnicutt & Co. Defined Benefit Plan and IRA FBO William Hunnicutt to Receiver's First Omnibus Objection to Claims [DE 1391], addressing Claim Nos. 333 through 340. On May 8, 2006, the Receiver and Hunnicutt reached agreement on the disposition of Claim Nos. 335 through 340. The Receiver and Hunnicutt have agreed to the allowance of Claim Nos. 336 and 338 against Offshore in the amounts of $594,407.91 and $1,652,254.63, respectively. Hunnicutt has agreed to the disallowance of Claim Nos. 335, 337, 339 and 340. Claim Nos. 333 and 334 are addressed below.

29. On April 21, 2006, Caceis Bank Luxembourg ("Caceis") filed its Motion for An Order Approving Caceis's Claim, If Late Filed, and Memorandum of Law (1) Supporting Caceis's Motion and (2) Responding to Receiver's Objection to Filed Claim Relating to Caceis [DE 1399] (the "Caceis Motion"), addressing Claim No. 275. The Caceis Motion is addressed by a separate response.

### III. REPLY TO THE HUNNICUTT RESPONSE (Claim Nos. 333 and 334)

Claim Nos. 333 and 334 (the "Commission Claims") were both filed in the amount of $900,000 against LMG II and LMG, respectively, for commissions allegedly due to Hunnicutt. In its Response, the Hunnicutt essentially concedes that Claim Nos. 333 and 334 are for the same alleged commissions of $900,000 but that LMG and LMG II might both be liable for the commission amount.

8

The Commission Claims should be denied for four reasons.[5] First, Hunnicutt, has not provided the Receiver any invoices, calculations or other sufficient documentation to support the claims. Second, neither LMG nor LMG II is specifically identified as a party to the letter agreement under which the Commission Claims arise. (A true and correct copy of the letter agreement is attached as Exhibit "A".) Indeed, the ordinary course of conduct demonstrates that Lauer would pay the "commissions" allegedly due to Hunnicutt.[6] Out of 18 prior commission payments to Hunnicutt, 16 were paid by Lauer and only two were paid by LMG. LMG II has not paid any commissions to Hunnicutt. If Hunnicutt wishes to collect the alleged commissions from Lauer, he may do so, but LMG and LMG II should not be liable. Third, even if LMG and LMG II are obligated under the letter agreement, the agreement provides that the commissions are due to Hunnicutt after receipt of certain management fees by Lancer. During the periods prior to the Receivership, no such management fees were paid to or collected by LMG or LMG II. Consequently, the commission obligations to Hunnicutt never matured. Fourth, to the extent Hunnicutt has any valid claims against any of the Receivership Entities, the obligations due to Hunnicutt are more than offset by Hunnicutt's obligations to the Receivership Entities for prior overpayment of commissions to Hunnicutt. Indeed the Receiver has already commenced litigation against Hunnicutt to recover certain overpayments. Accordingly, the Commission Claims (Nos. 333 and 334) should be disallowed in their entirety.

---

[5] Although the Receiver seeks denial of the Commission Claims, he has been communicating with Hunnicutt through counsel in an effort to resolve the Commission Claims along with the Receiver's claims against Hunnicutt. The Receiver is cautiously optimistic that an agreed resolution can be reached.

[6] The Lancer records do indicate that in many, but not all, instances Lauer was reimbursed by LMG after payment of the commissions to Hunnicutt.

**WHEREFORE**, the Receiver respectfully requests that the Court enter Orders treating the claims in accordance with the agreements reached by the Receiver and the Responding Claimants, granting the remaining disputed objections asserted by the Receiver, approving the additional relief requested herein by the Receiver, and granting such other and further relief as the Court deems just and proper.

**Dated: Miami, Florida**
**May 8, 2006**

Respectfully submitted,

**HUNTON & WILLIAMS LLP**
*Counsel for the Receiver*
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
Tel: (305) 810-2500
Fax: (305) 810-1653

By: _____
Jeffery P. Bast (FBN 996343)
Christopher Lalan (FBN 18475)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via First Class U.S. Mail and Electronic Mail upon all parties on the Master Service List and upon the attached list of Responding Claimants, on this **8th day of May, 2006**.

_____
Christopher Lalan, Esq.

64036.000002 MIAMI 346892v5

111 Broadway
18th Floor
New York, NY 10006
Tel: 212-233-3540
    800-575-3540
Fax: 212-267-5422

Member NASD
Member SIPC

William Hunnicutt
President

# Hunnicutt & Co. INC.

10/22/98

Michael Lauer
President
The Lancer Group
375 Park Avenue
Suite 2006
New York, NY 10152

Dear Michael:

I am pleased to enter into a marketing agreement with The Lancer Group. This letter when signed and returned by you on behalf of The Lancer Group, Lancer Partners L.P., Lancer Offshore Inc. and all other Lancer related entities ("Lancer"), constitutes our agreement on the following terms and conditions pursuant to which Hunnicutt & Co., Inc. ("Hunnicutt") will perform marketing and client related services for Lancer.

  1. This agreement covers all investor accounts introduced by Hunnicutt that commit funds to Lancer for investment management services. The investor determines the introducing party if there is a dispute over who should receive credit for the introduction.

  2. Lancer will pay to Hunnicutt for introducing investor accounts a management fee of 1.0% of the assets of all investor accounts identified in Paragraph 1 above plus 15% of all incentive fees paid to Lancer by such accounts for as long as Lancer manages the accounts. Management fee will be paid to Hunnicutt within 45 days of receipt of client fees by Lancer. Incentive fees will be paid as follows: 80% within approximately 45 days after the calendar year end and 20% upon completion of the audited financials of the related fund.

  3. Lancer agrees to provide Hunnicutt with financial documentation that indicates account balances and fees earned and complies with its annual audit.

  4. This agreement shall be binding on the heirs, successors, affiliates and assigns of either party.

  5. Lancer agrees to abide by all statutes, rules, regulations, orders or instructions governing or relating to the conduct of its business and the investment of funds placed with Lancer, and further agrees to indemnify, save and hold harmless Hunnicutt and William Hunnicutt personally from any and all liability suits, claims, losses, costs and damages arising out of the management of the accounts introduced by Hunnicutt or accounts referred by accounts introduced by Hunnicutt.



EXHIBIT A

LPPOC-075-000009

# Hunnicutt & Co. INC.

6. Hunnicutt agrees to abide by all statutes, rules, regulations, orders or instructions governing or relating to the conduct of its business, and further agrees to indemnify, save and hold harmless Lancer and Michael Lauer personally from any and all liability suits, claims, losses, costs, and damages arising out of the marketing of the accounts introduced by Hunnicutt or accounts referred by accounts introduced by Hunnicutt.

8. Either party may terminate this agreement with 90 days written notice. All rights or obligations which have accrued under this marketing agreement prior to termination shall survive, including and without limitation, Lancer's obligation to pay the fees enumerated in Paragraph 1 and 2 hereof in connection with any accounts introduced to Lancer by Hunnicutt prior to termination. In addition, the parties agree that Hunnicutt may continue solicitation activities with respect to prospects developed prior to termination and that compensation for such services shall be paid in accordance with Paragraph 1 and 2 hereof.

Sincerely,

ACCEPTED AND AGREED:

The Lancer Group

by: _____
Michael Lauer
President

Hunnicutt & Co., Inc.

by: _____
William Hunnicutt
President

**JOINTLY ADMINISTERED CASE**
**LANCER/RECEIVERSHIP AND BANKRUPTCY CASE**

**CASE NO. 03-80612-MARRA/VITUNAC/CASE NO. 04-CIV-80211-MARRA/VITUNAC ETC.**

<u>SERVICE LIST</u>

| | | |
|---|---|---|
| Christopher Martin<br>Senior Trial Counsel<br>U.S. Securities & Exchange Commission<br>801 Brickell Avenue - Suite 1800<br>Miami, Fl 33131 | Michael Lauer, pro se<br>Heidi Carens<br>7 Dwight Lane<br>Greenwich, CT 06831 | Heidi Carens<br>7 Dwight Lane<br>Greenwich, CT 06831 |
| Patricia Beary<br>Office of the U.S. Trustee<br>One Century Tower, Suite 1103<br>265 Church Street<br>New Haven, CT 06510 | M. Regina Thomas<br>United States Trustee/Department of Justice<br>51 SW 1st Avenue - Suite 1204<br>Miami, FL 33130 | Ms. Nina Fiskaaen<br>Controller, Nordea Liv Norge AS<br>Folke Bernadottes vei 38<br>5147 Fyllingsdalen<br>1201 Bergen - NORWAY |
| ~~Garry M. Graber~~<br>~~Hodgson Russ LLP~~<br>~~One M&T Plaza, Suite 2000~~<br>~~Buffalo, New York 14203~~ | Gerry LaBush, Esq.<br>711 Third Avenue<br>Suite 1505<br>New York, New York 10017 | David Blaylock, Esq.<br>Glankler Brown, PLLC<br>1700 One Commerce Square<br>Memphis, Tennessee 38103<br>*Counsel for George R. Pidgeon, Sr.* |
| Trisha D. Sindler<br>Special Counsel<br>U.S. Securities & Exchange Commission<br>801 Brickell Avenue - Suite 1800<br>Miami, Fl 33131 | Jimmy Tsakni<br>c/o Shari A. Brandt, Esq.<br>Richard Spears Kibbe & Orbe, LLP<br>One World Financial Center<br>New York, NY 10281 | David Newman<br>c/o Timothy E. Hoeffner<br>1500 Market street<br>38th Floor<br>Philadelphia, PA 19102-2186 |
| Frank Paul Terzo<br>Katz Barron Squitero Faust<br>2699 S. Bayshore Drive<br>Eight Floor<br>Miami, FL 33133 | Mercedes G. Hale<br>Piper Rudnick LLP<br>101 E. Kennedy Boulevard, Suite 2000<br>Tampa, FL 33602 | Noah J. Schafler, Esq.<br>The Law Offices of David W. Rubin<br>600 Summer Street, Suite 201<br>Stamford, CT 06901 |
| Kenneth B. Robinson, Esq.<br>Rice, Pugatch, Robinson & Schiller, P.A.<br>848 Brickell Avenue, Suite 1100<br>Miami, FL 33131 | Robert M. Dombroff, Esq.<br>Jonathan Alter, Esq.<br>Bingham McCutchen LLP<br>One State Street<br>Hartford, CT 06103 | Mark S. Gregory<br>Delphine W. Knight Brown<br>Kelley Drye & Warren LLP<br>Two Stamford Plaza<br>281 Tresser Boulevard<br>Stamford, CT 06901 |
| ~~David Barrack, Esq.~~<br>~~Hal M. Hirsch, Esq.~~<br>~~Greenberg Traurig, LLP~~<br>~~Met Life Building~~<br>~~200 Park Avenue~~<br>~~New York, NY 10166~~ | Anthony & Patricia O'Callagahan/<br>Christopher B. O'Callaghan/<br>Diane J. Nelson/John P. Heffernan<br>Attn: Timothy T. Brock<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue<br>New York, NY 10169 | Joshua W. Cohen<br>Cummings & Lockwood<br>700 State Street<br>New Haven, CT 06509 |
| ~~Brian C. Courtney, Esq.~~<br>~~Rome, McGuigan, Sabanosh, PC~~<br>~~One State Street~~<br>~~Hartford, CT 06103-3402~~ | Thomas D. Goldberg<br>Day, Berry & Howard LLP<br>One Canterbury Green<br>Stamford, CT 06901 | Barbara H. Katz<br>Law Office of Barbara H. Katz<br>57 Trumbull Street<br>New Haven, CT 06510 |
| ~~Gary S. Klein~~<br>~~Sandak Hennessey & Greco~~<br>~~970 Summer Street~~<br>~~Stamford, CT 06905~~ | Joseph P. Moodhe<br>Debevoise and Plimpton<br>919 Third Avenue<br>New York, NY 10022 | James M. Nugent, Esq.<br>KFO Investors Partnership<br>James M. Nugent<br>Harlow, Adams & Friedman, P.C.<br>300 Bic Drive<br>Millford, CT 06460 |

Howard L. Siegel
Brown Rudnick Berlack Israels LLP
Cityplace I, 38th Floor
185 Asylum Avenue
Hartford, CT 060103

Thaddeus E. Delonis, CPA
290 Towne Center Drive
Troy, MI 48084-1774

Timothy W. Walsh
Peper Rudnick LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Garry M. Graber
c/o Joseph Galda, Esq.
Corsair Advisors, Inc.
497 Delaware Avenue
Buffalo, NY 14202

Leonard H. Hecht
1270 avenue of the Americas
Suite 214
New York, NY 10020

Jeffrey P. Bast
Hunton & Williams, LLP
1111 Brickell Avenue, 25th Floor
Miami, Florida 33131

## E-MAIL SERVICE LIST

Jeffrey Greilsheimer, Esq.
Hughes Hubbard and Reed, LLP
One Battery Park Plaza
New York, New York 10004
E-mail: greilshe@hugheshubbard.com

Travis Corder
Brown Rudnick Berlack Israels
One Financial Center
Boston, MA 02111
E-mail: tcorder@brbilaw.com

Bill McCowen
Metamora Multi Managers L.L.C.
E-mail: mccowenbill@voyager.net

Michael A. Hanzman, Esq.
Hanzman & Criden, P.A.
Commerce Bank Building
220 Alhambra Circle - Suite 400
Coral Gables, Florida 33134
E-mail : MHanzman@HanzmanCriden.com

Roberto Martinez, Esq.
Colson Hicks Eidson P.A.
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
E-mail: bob@colson.com

David L. Snyder, Esq.
Craig B. Leavers, Esq.
Neuberger, Quinn, Gielen, Rubin & Gibber
One South Street, 27th Floor
Baltimore, MA 21202-3282
E-mail: dls@nqgrg.com/cbl@nqgrg.com

Eric A. Henzy, Esq.
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103
E-mail: ehenzy@reidandriege.com

Lewis N. Brown
Gilbride, Heller & Brown, PA.
One Biscayne Tower, Suite 1570
Two South Biscayne Blvd.
Miami, Florida 33131
E-mail: lbrown@ghblaw.com

Andrew L. Jiranek
McKennon Shelton & Henn LLP
401 East Pratt St., Suite 2315
Baltimore, Md. 21202
E-mail: andrew.jiranek@mshllp.com

Scott M. Berman, Esq.
Anne E. Beaumont, Esq.
Friedman, Kaplan,Siiler & Adelman LLP
1633 Broadway , 46th Floor
New York, NY 10019-6708
sberman@fklaw.com/abeaumont@fklaw.com

David Cimo Esq.
Genovese Joblove & Battista, P.A.
Bank of Tower, 36th Floor
100 S.E. 2nd Street
Miami, FL 33131
E-mail: dcimo@gjb-law.com

Mr. Hans Jacob Dahle
Vesta Forsikring AS
P.O. Box 7070
5020 Bergen - NORWAY
e-mail: hans.jacob.dahle@vesta.no

Aaron Podhurst, Esq.
Podhurst, Orseck, Josefsburg,
Eaton, Meadow, Olin & Perwin, P.A.
25 West Flagler Street - Suite 800
Miami, Florida 33130
E-mail: apodhurst@podhurst.com

Joseph Matthews, Esq.
Colson Hicks Eidson P.A.
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
E-mail: joseph@colson.com

Rudolph F. Aragon, Esq.
White & Case
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
E-mail: raragon@whitecase.com

Donald Workman, Esq.
Foley & Lardner
3000 K Street, N.W.
Suite 500
Washington, D.C.
E-mail: dworkman@foleylaw.com

Harley S. Tropin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon
Coral Gables 33134
E-mail: hst@kttlaw.com
E-mail:sf@kttlaw.com

~~Michael J. Dell, Esq.~~
~~Kramer Levin Naftalis & Frankel LLP~~
~~919 Third Avenue~~
~~New York, New York 10022~~
~~E-mail: mdell@kramerlevin.com~~

Greg T. Arnold
Brown Rudnick Berlack Israels
One Financial Center
Boston, MA 02111
E-mail: garnold@brbilaw.com

Paul Wallace
9701 S. Bexley Drive
Littleton, CO 80126
E-mail: wallaceclandenver@msn.com

David P. Milian, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon
Coral Gables 33134
E-mail: dmilian@kttlaw.com

Joel H. Bernstein, Esq.
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, New York 10017
E-mail jbernstein@glrslaw.com

Carol Felicetta
Reid & Riege, P.C.
234 Church Street, 9th Floor
New Haven, CT 06510-1819
E-mail: cfelicetta@reidandriege.com

Salvatore A. Barbatano, Esq.
Foley & Lardner
150 W. Jefferson
Suite 1000
Detroit, MI 48226-2616
E-mail: sbarbatano@foleylaw.com

~~Timothy P. Harkness, Esq.~~
~~Kramer Levin Naftalis & Frankel LLP~~
~~919 Third Avenue~~
~~New York, New York 10022~~
~~E-mail: tharkness@kramerlevin.com~~

Christopher Martin
Senior Trial Counsel
U.S. Securities & Exchange Commission
801 Brickell Avenue - Suite 1800
Miami, Fl 33131
E-mail: martinc@sec.gov

Lewis N. Brown, Esq.
Dyanne E. Feinberg, Esq.
Gilbride, Heller & Brown, P.A.
One Biscayne Tower, Suite 1570
Two South Biscayne Blvd.
Miami, FL 33131
E-mail: lbrown@ghblaw.com/dfeinberg@ghblaw.com

Daniel A. Casey, Esq.
Kirkpatrick & Lockhart
Miami Center - 20th Floor
201 S. Biscayne Blvd.
Miami, FL 33131
E-mail: dcasey@kl.com

Robert Pershes, Esq.
Buckingham, Doolittle & Bouroughs, LLP
2500 North Military Trail, Suite 480
Boca Raton, FL 33431
E-mail: rpershes@bdblaw.com

William R. Maguire, Esq.
Jeffrey Greilsheimer, Esq.
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004
E-mail: maguire@hugheshubbard.com
        greilshe@hugheshubbard.com

Mr. Dylan Wolff
Managing Director Norges Investor Value
P.O. Box 1863 Vika
0124 Oslo - NORWAY
e-mail: dw@norgesinvestor.no

William S. Fish, Esq.
William H. Champlin, Esq.
Tyler Cooper & Alcorn, LLP
185 Asylum St., CityPlace 35th Floor
Hartford, CT 06103
e-mail: fish@tylercooper.com/
champlin@tylercooper.com

Seth M. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
E-mail: sschwart@skadden.com.

David Cimo Esq.
Genovese Joblove & Battista, P.A.
Bank of Tower, 36th Floor
100 S.E. 2nd Street
Miami, FL 33131
E-mail: dcimo@gjb-law.com

Jacqueline Wilson
British Virgin Islands Financial Services Commission
Pasea Estate, Road Town
Tortola, British Virgin Islands
e-mail: wilsonj@bvifsc.vg

Jeffrey P. Bast
Hunton & Williams, LLP
1111 Brickell Avenue, 25th Floor
Miami, Florida 33131
e-mail: jbast@hunton.com

John G. Moon, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
e-mail: jmoon@chadbourne.com

John Hochman, Esq.
Schindler Cohen & Hochman LLP
100 Wall Street, 15th Floor
New York, New York 10005
E-mail: jhochman@schlaw.com

Robert T. Wright, Esq.
Coffey & Wright, LLP
Grand Bay Plaza
Penthouse 2B
2665 S. Bayshore Drive
Miami, FL 33133
E-mail: rwright@coffeywright.com

Kevin E. Gunther
27 Reid Street, 1st Floor
P.O. Box HM 3051
Hamilton HM NX
Bermuda
e-mail: kevin.gunther@lom.bm

Michael Lauer, pro se
7 Dwight Lane
Greenwich, CT 06831
e-mail: mblauer@hotmail.com

Michael Budwick Esq.
Meland, Russin, Hellinger & Budwick, P.A.
3000 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
e-mail: mbudwick@melandrussin.com

**MIRABAUD CANADA, INC** c/o
Philip Nickels
1501 McGill College Avenue
Suite 2220
Montreal, Quebec, Canada
H3A 3M8

**AVISON COMPANY SA** c/o
Bernard Dorsaz
11 rue du General-Dufour
CH-1204 Geneva
Switzerland

**OKABENA PARTNERSHIP J AND OKABENA MARKETABLE ALTERNATIVES FUND, LLC** c/o
Faye Knowles
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

**IMRE WEINBERGER**
5607 Redwood Avenue
Cote-Saint-Lu
Quebec, Canada H4W 1T8

**NORGESINVESTOR VALUE AS and NORGESINVESTOR LONG** c/o
Dylan Wolff
NoregesInvestor Value AS
P.O. Box 1863
Vika N-0124 OSLO
Norway

**BANQUE PRIVEE EDMOND DE ROTHSCHILD** c/o
Janice Mitchell
Group Rothschild
47 rue du Faubourg
Saint Honore 75401
Paris Cedex 08, France

**JOHN BRUHL** c/o
Lynda Grant
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017

**PICTET & CIE** c/o
Jurg Egli
Bolevard George-Favon, 29
Geneva, Switzerland

**ROBERT BEREN HEDGE FUND and ISRAEL HENRY BEREN CHARITABLE** c/o
Robert Fracasso, Esq.
Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, Fl 33131

**TAUBMAN LONG/SHORT STRATEGIES LLC** and **ROBERT C. LARSON TRUST** c/o
Jonathan B. Alter, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103

**JOHN HEFFERNAN/CHRISTOPHER O'CALLAGHAN/DIANE NELSON/TRUST ESTATE OF IRENE NELSON/UNIVERSAL BUILDERS SUPPLY INC./R.A. AND MARY O'CALLAGHAN/SCOTT P. O'CALLAGHAN/EDWARD S. NELSON IRA** c/o
Robin J. Baikovitz Rubens, Esq.
Tew Cardenas, LLP
1441 Brickell Avenue - 15th Floor
Miami, Florida 33131-3407

and
Timothy Brock
Satterlee Stephens Burke & Burke LLP
230 Park Avenue New York, New York 10169
pbosswick@ssbb.com

**HUNNICUTT & CO., INC., HUNNICUTT & CO. DEFINED BENEFIT PLAN AND IRA FBO WILLIAM HUNNICUTT** c/o
David S. Hoffner
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112
david.hoffner@dechert.com

**CACEIS BANK LUXEMBOURG** c/o
Robert Fracasso
Shutts & Bowen LLP
1500 Miami Center,
201 South Biscayne Boulevard
Miami, Florida 33131

64036.000002 MIAMI 347240v1