UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 03-80612-CIV-MARRA/JOHNSON**

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MICHAEL LAUER et al.,

        Defendants,

and

LANCER OFFSHORE, INC., et al.,

        Relief Defendants.

_____

## REPORT AND RECOMMENDATION ON PAYMENT OF FEE APPLICATION

**THIS CAUSE** is before the court on the Eighth Interim Application for Compensation and Reimbursement of Expenses of Richard E. Johnston and Fasken Martineau Dumoulin LLP, as special Canadian Counsel for the Receivership Entities (Eighth Application) (DE 2226). This Eighth Application covers a period from May 1, 2008, through December 31, 2008, seeking fees in the amount of $18,979.60 CAD (Canadian dollars) and expenses of $347.98 CAD.[1] (DE 2226 at 2 & n.5; at 3.) The applicants also seek payment of a holdback amount of $229.61 CAD which was withheld from their Sixth Application in this matter.[2] (DE 1999 at 7 n.3, at 19 & n.12; DE 2226 at 3 & n.9; at 16.)

---

[1] As indicated in the Eighth Application, based on the exchange rate on the date of payment, the Receiver in this matter will convert into United States dollars the amounts sought by the applicants in Canadian dollars. (DE 2226 at 16 ns.7 & 14.)

[2] The 10% holdback amount in the Sixth Application was calculated based on a fee request of $2,551.20 CAD, which, in turn was reduced by 10% to $2,296.08 CAD. Ten percent of the reduced amount equals $2,066.47 CAD. (DE 1999 at 7 n.3; at 16 & n.12.)

The undersigned has reviewed the aforementioned Eighth Application and the billing information submitted in support thereof.  After evaluating the relevant factors to be considered, the undersigned concludes that the amounts sought in the Eighth Application for the identified period of time represent reasonable compensation for actual and necessary services rendered and expenses incurred by the applicants.  Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988); Popham v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987); Gaines v. Dougherty County Bd. of Educ., 775 F.2d 1565 (11th Cir. 1985).

Further, the undersigned has also reviewed the provision for the disbursement of any holdback amounts, contained in the March 27, 2006, Letter Agreement entered into by Fasken Martineau Dumoulin LLP with the group plaintiffs in the ancillary case of *Pension Committee of the University of Montreal Pension Plan et al. v. Banc of America Securities LLC et al.* (U.S. District Court for the Southern District of New York Case No. 05-CV-9016).  See DE 1281 (identifying group plaintiffs) and DE 1330 (reflecting the parties' agreement); see also DE 2226 at 2 n.5, at 3 n.9 (referencing terms of fee reductions, holdbacks of monies and reimbursement of same).  Under the terms of the Letter Agreement, the applicants herein may request a reimbursement of holdback monies after one year from the date of said Letter Agreement.  (DE 1330 at 5.)  More than one year has now elapsed since the date of the Letter Agreement, therefore, the applicants' request for payment of the holdback amount of $229.61 is proper.

Finally, as of the date of this Report and Recommendation, the record in this matter contains no objections to the Eighth Application before the court, nor any requests for

extensions in that regard, and the time has now passed for any such objections and/or extensions.  It is, therefore, **RECOMMENDED** that:

1. The Eighth Application (DE 2226) be **GRANTED**; and

2. An order be entered allowing payment of a total of $19,557.19 CAD, represented by the following amounts:

    a. Fees of $18,979.60 CAD and expenses of $347.98 CAD;

    b. Disbursement of $229.61 CAD representing monies held back in connection with the applicants' Sixth Application.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections to it, if any, with the Honorable Kenneth A. Marra, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered herein, and shall also bar the parties from attacking on appeal any factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985): Resolution Trust Corp. v. Hallmark Builders, 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Drugger, 847 F.2d 745, 749 (11th Cir. 1988).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 10th day of March, 2009.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record