UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80612-CIV-MARRA/JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MICHAEL LAUER et al.,

        Defendants,
and

LANCER OFFSHORE, INC., et al.,

        Relief Defendants.



FILED by ___ D.C.
APR 29 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON PAYMENT OF FEE APPLICATION

**THIS CAUSE** is before the undersigned on the Sixteenth Interim Application for Compensation of Fees and Costs of Accountants for Receiver (Berkowitz Dick Pollack & Brandt) (DE 2247) (BDPB's Sixteenth Interim Application).[1] BDBP's Sixteenth Interim Application seeks fees in the amount of $103,095.36 and expenses of $53.40, for a total award of $103,148.76. The undersigned has reviewed the aforementioned fee application and the billing information submitted in support thereof, and is aware of the October 21, 2005, Letter Agreement whereby BDPB consented to a holdback of 10% of fees requested in interim fee applications (DE 1102).[2] The $103,095.36 in fees sought in the fee

---

[1] This application covers a period between November 1, 2008, through March 31, 2009. (2247 at 19.)

[2] The Letter Agreement does not include a holdback for expenses incurred. (DE 1102.) The court approved the Letter Agreement on December 2, 2005. (DE 1152.)

application at bar already reflects the 10% holdback.

After evaluating said fee application and the relevant factors to be considered, the undersigned concludes that the amounts sought in BDPB's Sixteenth Interim Application represent reasonable compensation for actual and necessary services rendered and expenses incurred by it. Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988); Popham v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987); Gaines v. Dougherty County Bd. of Educ., 775 F.2d 1565 (11th Cir. 1985). Further, the record in this matter contains no objections to the application before the court, and the time has now passed for the filing of any such objections. It is, therefore, **RECOMMENDED** that:

1. BDPB's Sixteenth Interim Application for Compensation of Fees and Costs (DE 2247) be **GRANTED**; and

2. That an order awarding payment of fees in the amount of $103,096.36 and expenses of $53.40, for a total of $103,148.76 be entered.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections to it, if any, with the Honorable Kenneth A. Marra, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered herein, and shall also bar the parties from attacking on appeal any factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985): Resolution Trust Corp. v. Hallmark Builders, 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Drugger, 847 F.2d 745, 749 (11th Cir. 1988).

**RESPECTFULLY SUBMITTED**, in Chambers at West Palm Beach, Florida, this 29th day of April, 2009.

                                                LINNEA R. JOHNSON
                                                UNITED STATES MAGISTRATE JUDGE

Copies to:    Honorable Kenneth A. Marra, District Court Judge
                  All Counsel of Record